# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GOLDEN,<br>Petitioner,<br><br>        v.<br><br>CAROLYN SABOL, et al.,<br>Respondents. | :<br>:<br>:<br>:         CIVIL ACTION<br>:<br>:         NO. 06-3245<br>:<br>:<br>: |

## Memorandum and Order

YOHN, J.                                                                                                November ___, 2007

      Presently before the court is petitioner Kenneth Golden's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving a federal sentence at the Devens Federal Medical Center in Ayer, Massachusetts.  When he completes his federal sentence, petitioner will begin serving a separate state sentence imposed by the Court of Common Pleas of Berks County, Pennsylvania after he pled guilty to prostitution, wire-tapping, corrupt organizations, and related charges.  This state court sentence is the subject of the present habeas petition.  After conducting a de novo review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and upon careful consideration of the parties' submissions, this court will approve and adopt the Report and Recommendation and will dismiss the petition as it is barred by the one-year statutory filing period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## I. FACTUAL & PROCEDURAL BACKGROUND

### A. Petitioner's Guilty Plea

Petitioner's case arises from the circumstances of his guilty plea in the Court of Common Pleas. On April 3, 2002, Golden pled guilty to prostitution; interception of wire, electronic, or oral communication; possession of electronic, mechanical, or other devices used for the interception of wire, electronic, or oral communications; and two counts of corrupt organizations. Judge Linda Ludgate of the Court of Common Pleas sentenced Golden to an aggregate term of four to fifteen years imprisonment, which he will serve after his federal sentence. Golden's counsel filed a motion to reconsider sentence on April 15, 2002, which Judge Ludgate denied the following day. Neither Golden nor his counsel appealed.

### B. Petitions for Postconviction Relief

Petitioner initially attacked his conviction and sentence through a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9551, on January 7, 2003. Golden filed what he termed a "Motion to Withdraw Guilty Pleas, and Vacate Conviction Pursuant to P.C.R.A." In his petition, Golden presented several claims of ineffective assistance of counsel, only one of which he maintains in his federal habeas corpus petition—that counsel failed to file a timely notice of appeal. Judge Ludgate construed the filing as Golden's first PCRA petition and appointed counsel to represent Golden in pursuing relief. Golden's appointed counsel amended his PCRA petition, asserting additional grounds for ineffective assistance of counsel. On February 24, 2004, Judge Ludgate held a hearing on the amended PCRA petition. At the beginning of the hearing, Golden asked that his court-appointed counsel be removed. (App. A97-98.) Judge Ludgate granted Golden's request and directed counsel to

act as stand-by counsel during the hearing.  (App. A98.)  On June 23, 2004, Judge Ludgate denied Golden's PCRA petition.  *Commonwealth v. Golden*, No. 2637-00, mem. op. (Pa. Ct. Com. Pl. Jun. 23, 2004).

On July 26, 2004, Golden, acting pro se, filed a notice of appeal.  (App. A132.)  The Superior Court issued an order directing Golden to file a docketing statement by September 9, 2004, as required by Pennsylvania Rule of Appellate Procedure 3517.  (App. A134.)  When Golden failed to file the docketing statement, the Superior Court dismissed Golden's appeal.[1]  *See Commonwealth v. Golden*, No. 1184 MDA 2004, order (Pa. Super. Ct. Oct. 14, 2004).

A parallel, contemporaneous series of events began on August 2, 2004, when, after receiving the same notice of appeal, Judge Ludgate directed Golden to file a concise statement of matters complained of on appeal within fourteen days, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  (App. A133.)  Judge Ludgate denied Golden's request for an extension.  (App. A140.)  After a convoluted string of motions and decisions, the Superior Court denied Golden's appeal complaining of Judge Ludgate's denial of his motion for an extension of time.[2]  *See Commonwealth v. Golden*, 1552 MDA 2004 (Pa. Super. Ct. Dec. 10, 2004).  On May

---

[1] On September 1, 2004, Judge Ludgate issued a memorandum opinion requesting that Golden's appeal be denied because he failed to file a concise statement of matters complained of on appeal, as discussed in the next paragraph.  *Commonwealth v. Golden*, No. 2637-00, mem. op. (Pa. Ct. Com. Pl. Sept. 1, 2004).

[2] On August 30, 2004, Golden filed a motion for enlargement of time nunc pro tunc, which Judge Ludgate denied on September 3, 2004.  (App. A135, A140.)  On September 13, 2004, Golden filed a motion for reconsideration asking the court to reconsider the denial of additional time, which Judge Ludgate denied on September 20, 2004.  (App. A141, A143.)  Then, on September 27, 2004, Golden filed a notice of appeal in the Court of Common Pleas, seeking to appeal the PCRA court's denial of his motion seeking additional time.  (App. A144.)  On October 4, 2004, Judge Ludgate issued an order concluding that the Court of Common Pleas lacked jurisdiction to consider Golden's appeal.  (App. A145.)  After Golden then appealed the

31, 2005, Golden filed petitions for allowance of appeal with the Pennsylvania Supreme Court of both Superior Court decisions denying his appeals on October 14, 2004 (1184 MDA 2004) and December 10, 2004 (1552 MDA 2004). The Pennsylvania Supreme Court dismissed both petitions without explanation on October 28, 2005. *Commonwealth v. Golden*, Nos. 110, 111 MM 2005 (Pa. Oct. 28, 2005).

Earlier, on April 27, 2004, while pursuing his first PCRA petition, Golden also filed a motion to disqualify the District Attorney of Berks County and his office for conflicts of interest. (App. A117.) Judge Ludgate did not rule on this motion, so on May 4, 2005 Golden filed a "Motion for a Ruling," asking the court to rule. (App. A158.) On May 10, 2005, Judge Ludgate denied Golden's motion for a ruling on the motion to disqualify the district attorney. Golden filed a notice of appeal on May 20, 2005.

Meanwhile, Golden pursued his second PCRA petition. Golden filed a "Nunc Pro Tunc Motion Pursuant to Pa. R. Crim. P. 720(B)," on May 2, 2005, raising claims unrelated to the current petition, and supplemented those claims on May 4, 2005. (App. A149, A160.) Judge Ludgate construed this filing as Golden's second PCRA petition and dismissed the petition as untimely filed. (App. A176.) On June 17, Golden filed a notice of appeal, arguing that the trial court misconstrued his filing as a second PCRA petition and improperly dismissed the motion. (App. A185.)

Finally, Golden filed his third PCRA petition on June 13, 2005. He entitled this motion "Defendant's Second P.C.R.A. Petition," but it was actually his third PCRA petition because the

---

denial of his request for an extension time to the Superior Court, that court dismissed the appeal for failure to file a docketing statement. *Commonwealth v. Golden*, No. 1552 MDA 2004, order (Pa. Super. Ct. Dec. 10, 2004).

Rule 720(B) motion, discussed in the prior paragraph, was his second PCRA petition. (App. A178.) In this petition, Golden claimed, inter alia, that the PCRA's statute of limitations should not have run on his second petition because he was making a claim based on *Blakely v. Washington*, 542 U.S. 296 (2004). Because Golden had two pending appeals, Judge Ludgate issued an order concluding that the court lacked jurisdiction to consider his third petition. (App. A186.) Golden filed a Notice of Appeal on October 3, 2005. (App. A187.)

On May 3, 2006, the Superior Court filed a consolidated opinion denying Golden's three appeals: 849 MDA 2005 (the motion to disqualify the District Attorney), 1033 MDA 2005 (the second PCRA petition), and 1686 MDA 2005 (the third PCRA petition). The court concluded that Golden should have raised the District Attorney's disqualification on direct appeal and that he waived this ground by pleading guilty. *See Commonwealth v. Golden*, Nos. 849, 1033, 1686 MDA 2005, at *6 (Pa. Super. Ct. May 3, 2006). The Superior Court found the second and third PCRA petitions were untimely filed, rejecting Golden's *Blakely* argument because it was not an exception to the PCRA's statute of limitations. *See id* at **5, 7. Golden failed to timely seek further review.[3]

### C. The Instant Habeas Petition

On July 24, 2006, Golden filed this petition for habeas corpus claiming his trial counsel was ineffective (1) for failing to file a notice of appeal, and (2) for failing to move for the disqualification of the District Attorney and his office.[4] This court referred the petition to

---

[3] On May 28, 2006, after failing to timely petition for allowance of appeal, Golden requested an extension of his time to file. The Pennsylvania Supreme Court denied Golden's request. *See Commonwealth v. Golden*, Nos. 80, 81, 82 MM 2006 (Pa. June 30, 2006).

[4] After filing his habeas petition, Golden filed an new motion to dismiss the charges in state court. The trial court denied the motion on September 20, 2006.

Magistrate Judge Hey, who issued a Report and Recommendation to dismiss the petition without an evidentiary hearing, as the petition is barred by the one-year statutory filing deadline contained in AEDPA and petitioner is not entitled to equitable tolling.[5] She further recommended that this court deny a certificate of appealability.

## II. STANDARD OF REVIEW

Where a habeas petition has been referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), this court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After conducting such a review, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* Magistrate Judge Hey found that Golden's habeas petition is barred by AEDPA's one-year statute of limitations. Petitioner has filed objections arguing that his petition is not time barred because he is entitled to statutory and equitable tolling.[6] The court thus addresses those issues de novo.

## III. DISCUSSION

Although the statute of limitations was not raised by the respondent, a federal court may raise the AEDPA statute of limitations issue *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding "that district courts are permitted, but not obligated to consider, *sua sponte*,

---

[5] Magistrate Judge Hey also concluded that petitioner procedurally defaulted his instant claims. Petitioner objected to this conclusion. Because the court will dispose of petitioner's action based on violation of the limitations period in § 2244, the court will not consider the procedural default issue.

[6] Because petitioner is pro se, the court will interpret his "gap-tolling" argument as opposing the magistrate judge's recommendation that statutory tolling does not apply.

the timeliness of a state prisoner's habeas petition"); *see also Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004) (holding that "a federal magistrate judge may raise the AEDPA statute of limitations issue in a Report and Recommendation after an answer has been filed").

In *Day*, the Supreme Court noted two additional steps that the district court must undertake before proceeding *sua sponte* on the issue of statute of limitations. First, the "court must accord the parties fair notice and an opportunity to present their positions." 547 U.S. at 210. Here, Magistrate Judge Hey's initial review of the petition and state court record revealed that the petition was untimely. Judge Hey then ordered and received briefs from both parties addressing the timeliness of the petition, equitable tolling, and whether the court should enforce the time bar despite the District Attorney's failure to raise it as a defense in his response. Judge Hey thus gave petitioner notice and a fair opportunity to be heard prior to issuing her Report and Recommendation, and this court has further considered petitioner's objections.

Second, the "court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation marks omitted). Notions of unjust delay are not a concern in the instant case because no proceedings occurred after the respondents answered, and petitioner has raised no factual issue that would have been easier to resolve at that earlier time.

1. <u>AEDPA's Statue of Limitations</u>

The petition for writ of habeas corpus is time barred. Under AEDPA, a petition for writ of habeas corpus must be timely in order for the district court to consider its merits. A petition is timely if it is filed within one year of the date on which petitioner's judgment of conviction

became final. 28 U.S.C. § 2244(d)(1).[7] The judgment of conviction becomes final on one of four dates. *See id.* In this case, the applicable date is either "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Court of Common Pleas sentenced Golden on April 3, 2002 and denied his motion to reconsider the sentence on April 16, 2002. Golden did not directly appeal either the conviction or the sentence, and his conviction became final thirty days later, on May 16, 2002, when the time for filing a direct appeal expired. *See* Pa. R. App. P. 903(a) (requiring an appeal to be filed within 30 days of a lower court decision); *see also Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001) (finding that where petitioner failed to appeal within 30 days, his conviction and sentence became final), *abrogated on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). The one-year limitations period thus began to run on May 16, 2002.

Section 2244's limitation period is subject to two tolling exceptions: (1) statutory tolling,

---

[7] Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

during the time a "properly filed" application for post conviction review is pending in state court, *see* § 2244(d)(2), and (2) equitable tolling, a judicially crafted exception to ensure fairness in extraordinary circumstances, *see Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

        2. <u>Statutory Tolling</u>

AEDPA expressly tolls its one-year statute of limitations for the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2) (emphasis added). A state collateral petition tolls AEDPA's statute of limitations only when the petition was "submitted according to the state's procedural requirements, such as the rules governing time and place of filing." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (internal citation omitted); *see also Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000) (tolling the limitations period for the time during which a PCRA petition is pending). State time limits on applications for postconviction relief, for example, are "condition[s] to filing," such that untimely petitions are not "properly filed" under AEDPA. *Merritt*, 326 F.3d at 165; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling."). When reviewing petitions filed in Pennsylvania's courts, the federal district court must defer to the state court's determination of whether a petition is timely or otherwise properly filed under state law. *See Merritt*, 326 F.3d at 165-66.

In this case, Golden properly filed his first PCRA petition on January 7, 2003, 236 days after AEDPA's limitations period had begun to run. The Superior Court dismissed Golden's PCRA appeal on October 14, 2004 for failure to file a docketing statement. Golden did not file a

timely petition for allowance of appeal with the Pennsylvania Supreme Court by November 13, 2004, when the time for seeking appellate review expired. *See* Pa. R. App. P. 1113 (providing thirty days for filing a petition for allowance of appeal in the Pennsylvania Supreme Court).[8] Thus, petitioner's AEDPA limitations period, already reduced by 236 untolled days, resumed running on November 13, 2004 and expired 129 days later, on March 22, 2005.

Petitioner filed a number of other appeals or petitions for relief in state court, but none of these further tolled the limitations period. The Pennsylvania Superior Court dismissed petitioner's subsequently filed second and third PCRA petitions (*see* A-149 (filed May 2, 2005) and A-178 (filed June 13, 2005), respectively) because they were not timely. *See Golden*, Nos. 849, 1033, 1686 MDA 2005, at **5, 7. Thus, these untimely PCRA appeals were not "properly filed." *Merritt*, 326 F.3d at 165; *see also Pace*, 544 U.S. at 417. Because petitioner did not properly file these appeals, they did not toll the instant limitation period during their pendency.

The Pennsylvania Superior Court dismissed petitioner's motion to disqualify the district attorney because Golden had waived the issue by pleading guilty and did not bring the challenge on direct appeal. *See Golden*, Nos. 849, 1033, 1686 MDA 2005, at * 6. This court additionally concludes that, even interpreting this motion as a properly formulated PCRA petition, it was untimely because it was not filed until April 27, 2004, well outside of the one-year filing window for all PCRA petitions. *See* 42 Pa. Cons. Stat. § 9545(b)(1). Thus, because it was not properly filed, the disqualification motion did not toll § 2244's limitation period.

Petitioner did not file the instant petition for writ of habeas corpus until July 24, 2006,

---

[8] Although Golden petitioned the Pennsylvania Supreme Court for allowance of appeal on May 31, 2005, he filed his petition well after expiration of the thirty-day window to file; thus, the petition was not properly filed for the purposes of tolling AEPDA's limitations period.

over a year after the March 22, 2005 expiration of the limitations period. Unless the court decides to exercise its equitable discretion to toll the limitations period, the petition is barred.

        3. Equitable Tolling

Magistrate Judge Hey found that equitable tolling would be inappropriate in this case. Although petitioner has objected to this finding, this court agrees with the Judge Hey. The Third Circuit has ruled that equitable tolling is appropriate "when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotation marks omitted).[9] "Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt*, 326 F.3d at 168 (internal quotation marks omitted). As such, courts should use equitable tolling sparingly, *see United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998), applying it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

There are two general requirements for equitable tolling: "(1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'" *Merritt*, 326 F.3d at 168 (quoting *Fahy*, 240 F.3d at 244). For the first requirement, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy*, 240

---

[9] The United States Supreme Court has not yet decided whether equitable tolling is available in the context of a federal habeas corpus petition. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. . . . [We] assume without deciding that it is [available].").

11

F.3d at 244.  Moreover, a pro se petitioner's lack of understanding of the requirements of the law is not a basis for equitable tolling.  *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999).  For the second requirement, "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence [under] the circumstances."  *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004).  Because of its restricted application, the Third Circuit has found that equitable tolling is appropriate in only a few narrow circumstances:  (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  *Jones*, 195 F.3d at 159.

      Magistrate Judge Hey concluded that, in this case, petitioner cannot show that he has in some extraordinary way been prevented from asserting his rights.[10]  Petitioner objects, focusing on the third *Jones* circumstance, where petitioner has "timely asserted his rights mistakenly in the wrong forum."  *Id.* at 159.  This case does not raise such a circumstance, however.  While petitioner did attempt, albeit belatedly and unsuccessfully, to assert his rights in state court through, among other filings, his second and third PCRA petitions and motion to disqualify the district attorney, at no point was petitioner asserting or led to believe that he was exercising his right to challenge state incarceration through federal habeas corpus.  He was not mistaken about

---

[10] Many of petitioner's arguments cited here appear in the section of his objection to the Magistrate Judge's Report and Recommendation that deals with the conclusion that he failed to exhaust state court remedies.  This court will also interpret these arguments as objections to the equitable tolling portion as well because petitioner is proceeding pro se.

the forum; he was attempting to assert distinct and independent challenges available under state law. Thus, the court will not base equitable tolling on his state court filings. *See Int'l Union of Elec., Radio & Mach. Workers Local 90 v. Robbins & Myers, Inc.*, 429 U.S. 229, 238 (1976) (denying equitable tolling where the petitioner "in the grievance proceedings was not asserting the same statutory claim in a different forum, nor giving notice to respondent of that statutory claim, but was asserting an independent claim"); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 467 & n.14 (1975) (distinguishing "the tolling effect given to the timely prior filings in *American Pipe* [*& Construction Co. v. Utah*, 414 U.S. 538 (1974),] and in *Burnett* [*v. New York Central R. Co.*, 380 U.S. 424 (1965), which] depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted"). To hold that the pendency of an incorrectly filed or untimely PCRA appeal is a ground for equitable relief in federal habeas cases would qualify many convictions in Pennsylvania courts to equitable tolling, despite the statutory tolling provisions discussed above that strictly limit availability of federal review on that basis.

Petitioner argues that he should not be held liable for his PCRA counsel's failure to timely pursue and perfect an appeal of his first PCRA petition. This too is not the type of extraordinary circumstance that warrants equitable relief. *See Fahy*, 240 F3d. at 244 (attorney's error insufficient). Moreover, it appears factually unsupported because Judge Ludgate granted petitioner's request to proceed without PCRA counsel.[11] (*See* App. A97-98.) In addition, petitioner argues that he was being transferred between federal prisons around the time he had to

---

[11] Furthermore, as discussed in the next section, petitioner knew that his appointed counsel did not file an appeal, yet petitioner did not diligently continue to pursue his original claims or initiate new claims based on his PCRA counsel's alleged ineffectiveness.

file his docketing statement with the Superior Court to perfect his PCRA appeal and that the notice ordering that he provide the statement was mailed to his home address, not his prison address.  Being in prison, without more, does not amount to an extraordinary circumstance, and despite the alleged hindrances to his PCRA appeal, petitioner has not shown circumstances that actually impeded his ability to file *this* habeas petition by March 2005.  *See Perry v. Vaughn*, No. 02-839, 2003 U.S. Dist. LEXIS 24094, at *15 (E.D. Pa. Oct. 17, 2003) (stating that "petitioner must show that these circumstances actually impeded his ability to file a timely petition").

Even if these circumstances constitute the rare situation in which petitioner was prevented from bringing his claim in an extraordinary way, petitioner is also not entitled to equitable tolling because he did not exercise reasonable diligence in filing his petition.  Reasonable diligence in pursuing his pro se state court appeals does not substitute for reasonable diligence in filing the instant habeas petition.  Nothing prevented petitioner from filing his federal habeas petition after the dismissal of his first PCRA petition became final on November 13, 2004.  Petitioner was aware that the court's decisions at that time would foreclose further direct review.  (App. A141 ¶ 3.)  Petitioner also knew all of the facts and grounds alleged in his current habeas petition—the district attorney's alleged disqualification and his counsel's alleged failure to file a direct appeal of his conviction—yet did not pursue a federal petition at that time.  Instead, petitioner waited until May 2005 to pursue these and other claims in state court.[12]  Petitioner has shown no reasonable diligence in pursuing his claims.

---

[12] Even if these filings could form the basis of equitable tolling, the period of equitable tolling would be insufficient to allow this claim, since petitioner did not exercise reasonable diligence in filing his claims in state court, instead filing those petitions well after the limitations period under § 2244 had already expired.

14

Therefore, because petitioner has not established that he has in some extraordinary way been prevented from asserting his habeas claims and that he exercised reasonable diligence in bringing those claims, this court is unable to conclude that petitioner's case is one of those "rare situations" that demands equitable tolling. *See LaCava*, 398 F.3d at 275. Accordingly, the time period within which petitioner has a right to apply for federal habeas relief has expired.

### III. CONCLUSION

The court will dismiss as untimely the instant petition under § 2254 and must now determine if it should issue a certificate of appealability. A court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Petitioner's habeas petition violates the one-year statutory filing period contained in AEDPA; therefore, the court will not issue a certificate of appealability.

For the reasons explained above, I will overrule petitioner's objections, adopt the Report and Recommendations of Magistrate Judge Hey, and dismiss as untimely the instant petition for writ of habeas corpus. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH GOLDEN,
Petitioner,

v.

CAROLYN SABOL, et al.,
Respondents.

: CIVIL ACTION
:
: NO. 06-3245

## Order

Yohn, J.

And now, this _____ day of November 2007, upon careful consideration of petitioner Kenneth Golden's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the response, petitioner's reply, the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and petitioner's objections thereto, it is hereby ORDERED that:

1. Petitioner's objections are OVERRULED.

2. The portion of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey finding that the petition for writ of habeas corpus is untimely filed is APPROVED and ADOPTED.

3. The petition for writ of habeas corpus is DISMISSED as untimely filed.

4. Petitioner failed to make a substantial showing of the denial of a constitutional right or that the petition was not plainly untimely, so there is no ground to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c).

5.       Respondent's petition for leave of court to raise a new matter is DISMISSED AS

         MOOT.

6.        The Clerk shall CLOSE this case statistically.


                                                             __/S/ WILLIAM H. YOHN, JR._____
                                                                  William H. Yohn Jr., Judge